812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lajpat RAI, Appellee,
v.
HERCULES PRODUCTS, INC., a Delaware corporation, Appellant.
 No. 86-1044.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1987.
Decided Feb. 25, 1987.
 
 Before RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SIMONS, United States District Judge for the District of South Carolina, sitting by designation.
 Russell F. Morris, Jr. (Bass, Berry & Sims; Philip A. Wallace, on brief), for appellant.
 Gregory P. Cochran (Mosby G. Perrow, III; Caskie, Frost, Hobbs, Thompson, Knakal & Alford, on brief), for appellee.
 PER CURIAM:
 
 
 1
 This case concerns the construction and application of an employment agreement between Lajpat Rai and his employer Hercules Products, Inc. (Hercules). The court below held that the agreement was an enforceable contract and that, by its terms, Rai was entitled to six months' severance pay. We affirm.
 
 
 2
 Rai was first hired by Hercules in 1974. In 1982 the company created the new position of Marketing Manager, and it offered that position to Rai at no increase in salary. In response to Rai's uncertainty about taking this new position, Hercules signed a letter agreement stating that if the new position was eliminated and there was no other acceptable job opportunity at Hercules, the company would pay Rai six months' salary as a severance benefit at the termination of Rai's employment. The company further agreed to extend Rai's insurance benefits for up to six months until Rai found other employment.
 
 
 3
 In May 1983 the company assigned Rai additional duties for a twelve-month period. These duties included some of theresponsibilities of the Sales Manager position. Rai received commissions for this work in addition to his salary as Marketing Manager.
 
 
 4
 In December 1983 Hercules hired David Kanatzar as Sales Manager. A few weeks later, on January 16, 1984, Hercules told Rai that his services were no longer needed. The company refused to give Rai the six months' severance pay on the grounds that the letter agreement was not supported by consideration and was therefore not a binding contract, and further that the company had not eliminated the position of Marketing Manager. The company did agree gratuitously, however, to extend Rai's insurance for up to six months.
 
 
 5
 After Rai was terminated, all of his duties were transferred to David Kanatzar. Kanatzar was then promoted to Vice President of Marketing and Sales. In this position he performed all of Rai's former job responsibilities, plus some responsibilities previously performed by others. His job included some sales responsibilities that Rai had been offered but had refused to accept.
 
 
 6
 Rai sued Hercules for denied termination benefits. Although the jury granted him other benefits owed under the company's general termination policy, it denied him severance pay under the letter agreement. The district judge, however, granted Rai judgment n.o.v. for severance pay under the letter agreement.
 
 
 7
 We concur in the trial court's conclusion that the letter agreement was a valid contract, and that it was susceptible of only one logical meaning. For the reasons stated by the court below, we also agree that the position of Marketing Manager at Hercules was terminated in effect by being consolidated with the position of Sales Manager and assigned to David Kanatzar. Because there was not substantial evidence to support the jury verdict, the judgment n.o.v. of the court below, granting Rai six months' severance pay, is
 
 
 8
 AFFIRMED.